UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOSHUA J. E. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>F/V KELSEY NICOLE, Official No. 1210115, her engines, tackle, apparel, furniture, and equipment, *in rem*, and JOSHUA J. MILLER, *in personam*,<br><br>Defendants. | IN LAW AND IN ADMIRALTY<br><br>NO.<br><br>VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED MARITIME LIENS |

By way of Verified Complaint, Plaintiff Joshua J. E. Smith alleges as follows:

### I. PARTIES

1.1     Plaintiff Joshua J. E. Smith (Smith) is a resident of Olympia, Thurston County, Washington. Plaintiff Leitzke is a seaman and entitled to bring this suit without prepayment of fees, costs or furnishing security pursuant to 28 U.S.C. § 1916.

1.2     Defendant vessel F/V KELSEY NICOLE, Official Number 1210115, is a fishing vessel registered and documented under the laws of the United States with a gross tonnage of at least 20 tons, and is now within the navigable waters of the Western District of Washington and within the jurisdiction of this Court.

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR
FORECLOSURE OF PREFERRED MARITIME LIENS - 1

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL · NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378

1.3 Defendant Joshua J. Miller (Miller) is, on information and belief, a resident of Petersburg or Sitka, Alaska and at all times hereto was the sole owner and/or operator of the F/V KELSEY NICOLE, O.N. 1210115.

## II. JURISDICTION AND VENUE

2.1 This is a civil case of admiralty and maritime jurisdiction under 28 U.S.C. Section 1333, and is within the scope of Federal Rules of Civil Procedure 9(h), and is an action to enforce maritime liens under the Supplemental Rules for Certain Admiralty and Maritime Claims. The federal district court also has original subject matter jurisdiction over this matter under 46 U.S.C. Section 31326.

2.2 The Court has pendant and supplemental jurisdiction over the related claims and parties under 28 U.S.C. Section 1367 and 46 U.S.C. Section 31326.

2.3 Venue is appropriate under 28 U.S.C. Section 1391(b)(2) because the F/V KELSEY NICOLE is within the territorial jurisdiction of this Court.

## III. FACTUAL BACKGROUND

### 1. 2012 OUTFITTING AND DELIVERY OF KELSEY NICOLE

3.1 During February 2012, Defendant Miller from his residence in Alaska contacted Plaintiff Smith at his then residence in Oxnard, California and asked Plaintiff Smith to outfit Defendant Miller's vessel F/V KELSEY NICOLE and serve as "hired skipper" onboard the F/V KELSEY NICOLE for the 2012 California Squid/Sardine Fishery (2012 Squid/Sardine Fishery).

3.2 At the time of hiring, Defendant Miller requested that Plaintiff Smith perform repairs, maintenance and outfitting of the F/V KELSEY NICOLE at its moorage in Everett, Washington in preparation for the 2012 Squid/Sardine Fishery.

3.3 Between February 20, 2012 and April 7, 2012, Plaintiff Smith performed repairs, maintenance and outfitting of the F/V KELSEY NICOLE in Everett, Washington as requested by Defendant Miller. Plaintiff Smith expended in excess of 240 hours while performing said services. Plaintiff Smith is entitled to wages at the rate of $25.00 per hour, or such greater amount as is proven at trial, for the over 240 hours for a total in excess of $6,000.00 for his labor on the F/V KELSEY NICOLE.

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR
FORECLOSURE OF PREFERRED MARITIME LIENS - 2

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL - NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378

3.4     Plaintiff Smith incurred in excess of $1,800.00 in out-of-pocket expenses in conjunction with his labor on the F/V KELSEY NICOLE.

3.5     Despite demand, Defendant Miller has not paid Plaintiff Smith for his labor or reimbursed him for his out-of-pocket expenses in repairing, maintaining and outfitting the F/V KELSEY NICOLE for the 2012 Squid Fishery.

3.6     On April 7, 2012, at the request of Defendant Miller, Plaintiff Smith departed Everett, Washington for Moss Landing, California as hired skipper of the F/V KELSEY NICOLE for the 2012 Squid Fishery. Plaintiff Smith and the F/V KELSEY NICOLE arrived in Moss Landing, California on April 12, 2012.

3.7     The voyage of the F/V KELSEY NICOLE took 5/5 days and approximately 132 hours. Defendant Miller owes Plaintiff Smith $3,300.00 in wages, or such greater amount as is proven at trial, for said voyage. Despite demand, Defendant Miller has failed to pay Plaintiff Smith any part of said wages.

3.8     Defendant Miller did not have a written fishing agreement with Plaintiff Smith prior to departing from Everett, Washington onboard the F/V KEYSEY NICOLE for the 2012 Squid/Sardine Fishery.

## 2. EMPLOYMENT AND DELIVERY FOR 2012 CALIFORNIA SQUID/SARDINE FISHERY

3.9     On or about May 23, 2012, prior to commencement of the 2012 Squid/Sardine Fishery and pursuant to mutual agreement with Defendant Miller, Plaintiff Smith left the F/V KELSEY NICOLE to work onboard a different vessel. At said time, Defendant Miller promised Plaintiff Smith continuing employment on the F/V KELSEY NICOLE for the 2012 California Squid/Sardine Fishery when he was ready to return.

3.10    On or about October 22, 2012, Defendant Miller contacted Plaintiff Smith at his residence in Westport, Washington and asked Plaintiff Smith to return to the KELSEY NICOLE as engineer. Plaintiff Smith returned to the KELSEY NICOLE as its engineer and continued to serve in said capacity until the end of the 2012 California Squid/Sardine Fishery.

3.11    Defendant Miller did not have a written fishing agreement with Plaintiff prior to his employment as engineer and Master of the KELSEY NICOLE.

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR
FORECLOSURE OF PREFERRED MARITIME LIENS - 3

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL · NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378

3.12   Defendant Miller has failed to provide Plaintiff Smith with a full accounting of the income and expenses of the KELSEY NICOLE during the course of his employment for the 2012 California Squid/Sardine Fishery.

3.13   Defendant Miller owes Smith such balance of wages for his employment on the KELSEY NICOLE as will be determined upon receipt of a full accounting from Defendant Miller and proven at trial, but for purpose of this pleading is believed to be in excess of $3,000.00 through the end of the 2012 California Squid/Sardine Fishery during which time he served as engineer and Skipper of the KELSEY NICOLE.  Despite demand, Defendant Miller has failed to pay Plaintiff Smith the balance of wages he is owed.

### 3. 2012-2013 OUTFITTING OF KELSEY NICOLE

3.14   On or about December 11, 2012, Defendant Miller asked Plaintiff Smith to serve as his "hired skipper" of the F/V KELSEY NICOLE for the 2013 California Squid Fishery (2013 Squid Fishery).  At the time of said hiring, the F/V KELSEY NICOLE was moored in Ventura, California.

3.15   On December 12, 2012, at the request of Defendant Miller, Plaintiff Smith took over as Master of the KELSEY NICOLE in Ventura, California and continued to serve as Master until June 20, 2013.

3.16   At the time of hiring, Defendant Miller orally promised to pay Plaintiff 20% of the gross vessel earnings from the 2013 Squid Fishery.

3.17   At the time of hiring, Defendant Miller requested that Plaintiff Smith look after the KELSEY NICOLE in his absence, perform repairs, maintenance and outfitting of the F/V KELSEY NICOLE at its moorage in Ventura, California in preparation for the 2013 Squid Fishery.

3.18   Between December 12, 2012 and April 27, 2013, Plaintiff Smith performed repairs, maintenance and outfitting of the F/V KELSEY NICOLE in Ventura, California. Plaintiff Smith expended in excess of 800 hours while performing said services.  Plaintiff Smith is entitled to wages at the rate of $25.00 per hour, or such greater amount as is proven at trial, for the over 800 hours for a total in excess of $20,000.00 for his labor on the F/V KELSEY NICOLE.

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED MARITIME LIENS - 4

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL · NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378

3.19   Defendant Miller did not have a written fishing agreement with Plaintiff Smith for his service to the F/V KELSEY NICOLE prior to April 28, 2013 for the 2013 Squid Fishery.

3.20   Despite demand, Defendant Miller has not paid Plaintiff Smith for his wages for repairing, maintaining and outfitting the F/V KELSEY NICOLE for the 2013 Squid Fishery.

### 4. 2013 CALIFORNIA SQUID FISHERY

3.21   On or about April 28, 2013 Defendant Miller presented Plaintiff Smith with a "Commercial Fishing Crew Contract for the F/V Kelsey Nicole" (Crew Contract) and an F/V KELSEY NICOLE "Hired Skipper" Addendum (Hired Skipper Addendum) while in Ventura, California.  The "Hired Skipper" Addendum promised Plaintiff Smith employment for the 2013 California Squid Fishery and a 20% crew share.

3.22   On April 28, 2013 Plaintiff Smith signed the Crew Contract and Hired Skipper Addendum.  Defendant Miller did not sign or deliver a signed copy of said documents to Plaintiff Smith.

3.23   In reliance on Defendant Miller's promises and the "Hired Skipper" Addendum, Plaintiff Smith turned down other commercial fishing employment opportunities, including employment as the Master of the F/V BAINBRIDGE.

3.24   Plaintiff Smith operated the F/V KELSEY NICOLE as hired Skipper during the 2013 California Squid Fishery for Defendant Miller from April 28, 2013 to June 20, 2013.

3.25   On June 20, 2013, Defendant Miller wrongfully terminated Plaintiff Smith's employment on the F/V KELSEY NICOLE without cause.

3.26   Defendant Miller has not presented Plaintiff Smith with a full accounting for the income and expenses of the KELSEY NICOLE during the April 28, 2012 – June 20, 2013 duration of his employment as Skipper onboard the KELSEY NICOLE in violation of 46 U.S.C. § 10602.

3.27   On information and belief, Defendant Miller has not fully paid Plaintiff Smith his 20% captain's share for the period April 28 – June 20, 2013, in such amount as will be proven at trial.

3.28   Defendant Miller had not paid Plaintiff Smith for his agreed 20% captain's share for the period commencing June 20, 2013 when he was wrongfully terminated through

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED MARITIME LIENS - 5

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL · NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378

the end of the California Squid fishing season in September 2013 in such amount as will be proven at trial but for the purpose of this pleading is believed to be in excess of $79,000.00.

3.29 As a result of Defendant Miller's wrongful termination of Plaintiff Smith's employment on the F/V KELSEY NICOLE, Plaintiff Smith lost the greater of the 20% crew share for the remainder of the 2013 California Squid Season or such income from other employment opportunities in such amounts as will be proven at trial.

## IV. CLAIMS

### 1. First Claim for Relief
### Failure to Pay Wages for 2012 Outfitting and Delivery of the KELSEY NICOLE

4.1 Plaintiff Smith realleges sections 3.1 – 3.8 above.

4.2 Defendant Miller owes Plaintiff Smith $6,000.00 in wages for his labor in outfitting the KELSEY NICOLE, $1,800.00 in out-of-pocket expenses in outfitting the KELSEY NICOLE, and $3,300.00 in wages for his delivery of the KELSEY NICOLE from Everett, Washington to Moss Landing, California, or such greater amounts as are proven at trial.

4.3 Defendant Miller failed to have a written fishing agreement with Plaintiff Smith for the aforesaid outfitting and voyage as required by 46 U.S.C. § 10601. As a result of said failure, Plaintiff Smith is entitled to the highest rate of wages paid for vessel outfitting and crewing of the KELSEY NICOLE at the Port of Everett pursuant to 46 U.S.C. § 10602.

4.4 Defendant Miller's failure to pay Plaintiff Smith the aforesaid wages is a violation of 46 U.S.C. § 10601, A.S. § 23.05.140, RCW 49.52.050 and RCW 49.52.070, California Labor Code Section 200, *et seq.*, and such other applicable statutes which entitle Plaintiff Smith to his unpaid wages, unreimbursed costs, compensatory and punitive damages, and his attorney's fees and costs.

### 2. Second Claim for Relief
### Failure to Pay Wages for 2012 California Squid/Sardine Fishery

4.5 Plaintiff Smith alleges sections 3.9 – 3.13 above.

4.6 Defendant Miller owes Plaintiff Smith a balance of $3,000.00 in wages, or such greater amount as is proven at trial for serving as engineer and Master of the KELSEY NICOLE from October 22, 2012 – December 11, 2012.

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED MARITIME LIENS - 6

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL · NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378

4.7     Defendant Miller failed to have a written fishing agreement with Plaintiff Smith as required by 46 U.S.C. § 10601.  As a result of said failure, Plaintiff Smith is entitled to the highest rate of wages paid a crewman at his port of hire in Everett, Washington pursuant to 46 U.S.C. § 10602.

4.8     Defendant Miller has not provided Plaintiff Smith with a full accounting of the income and expenses of the KELSEY NICOLE during the course of his employment as provided at 46 U.S.C. § 10602.  As a result of said failure, Plaintiff Smith is owed the highest amount alleged for his crew share in the Port of Everett, Washington.

4.9     Defendant Miller's failure to pay Plaintiff Smith the aforesaid wages is in violation of 46 U.S.C. § 10601, 46 U.S.C. § 10602, A.S. § 23.05.140 and the California Labor Code, Section 200, *et seq.*, and such other applicable statutes which entitle Plaintiff Smith to an award of his unpaid wages, unreimbursed costs, compensatory and punitive damages, and attorney's fees and costs.

### 3. Third Claim for Relief
### Failure to Pay for 2012-2013 Outfitting of KELSEY NICOLE

4.10    Plaintiff Smith realleges sections 3.14-3.20 above.

4.11    Defendant Miller owes Plaintiff Smith $20,000.00 or such greater amount as is proven at trial for his wages in outfitting the KELSEY NICOLE.

4.12    Defendant Miller failed to have a written fishing agreement with Plaintiff Smith as required by 46 U.S.C. § 10601.  As a result of said failure, Plaintiff Smith is owed the highest rate of wages paid for vessel outfitting in the Port of Ventura, California.

4.13    Defendant Miller's failure to pay Plaintiff Smith the aforesaid wages is in violation of 46 U.S.C. § 10601, 46 U.S.C. § 10602, A.S. § 23.05.140 and the California Labor Code, Section 200, *et seq.*, and such other applicable statutes which entitle Plaintiff Smith to an award of his unpaid wages, unreimbursed costs, compensatory and punitive damages, and attorney's fees and costs.

### 4. Fourth Claim for Relief
### 2013 California Squid Fishery
### Failure to Fully Pay Wages / Wrongful Termination

4.14    Plaintiff Smith realleges sections 3.20-3.28 above.

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR
FORECLOSURE OF PREFERRED MARITIME LIENS - 7

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL · NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378

4.15    Defendant Miller wrongfully terminated Plaintiff Smith's employment on the KELSEY NICOLE on June 20, 2012 for the remainder of the 2013 California Squid Fishery.

4.16    Defendant Miller failed to fully account for the income and expenses of the KELSEY NICOLE for the 2013 California Squid Fishery as required by 26 U.S.C. § 10602. As a result, Plaintiff Smith is owed the highest amount paid for a captain's share out of the Port of Everett.

4.17    Defendant Miller owes Plaintiff Smith the balance of his earned wages for the period April 28, 2012 – June 20, 2013 and the greater of unearned wages thereafter until the condition of the 2013 California Squid Fishing or his lost opportunity costs which for the purpose of this pleading Plaintiff Miller Smith believes to be in excess of $79,000.00 or such greater amount as will be proven at trial.

4.18    Defendant Miller's failure to account for and pay Plaintiff Smith the aforesaid wages is a violation of 46 U.S.C. § 10602, AS § 23.05.140 and the California Labor Code, Section 200, *et seq.*, and such other applicable statutes which entitled Plaintiff Smith to an award of his unpaid wages and costs, compensatory salary and punitive damages and attorney's fees and costs.

## PRAYER

WHEREFORE, Plaintiff Joshua J. E. Smith, having asserted claims for relief, now requests judgment against Defendant Joshua J. Miller as follows:

1.    For unpaid wages and out-of-pocket expenses repairing, maintaining and outfitting the F/V KELSEY NICOLE and delivery of the F/V KELSEY NICOLE to California for the 2012 Sardine Fishery and the 2013 Squid Fishery;

2.    For a crew share earned from the 2013 Squid Fishery after his wrongful termination;

3.    For lost opportunity income;

4.    For compensatory and punitive damages and attorney fees and costs pursuant to 46 U.S.C. § 10602, A.S. § 23.05.140 and/or RCW 49.52.050 and RCW 49.52.070, and California Labor Code Section 200, *et seq.*;

5.    For pre and post judgment interest at the maximum permissible rate;

6.    For the right to amend his Complaint to conform to the evidence; and

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED MARITIME LIENS - 8

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL · NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378

7. For such other and further relief it deems just and reasonable

DATED this 22 day of February, 2015.

HAROLD A. THOREEN, P.S., INC.

_____
Harold A. Thoreen, WSBA #6378
Attorney for Plaintiff Joshua J. E. Smith
1715 West Nickerson Street
Seattle, Washington 98119-1633
Telephone (206) 285-9393
Fax (206) 285-9395
hthoreen@hatlaw.net

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED MARITIME LIENS - 9

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL · NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378

## VERIFICATION

I, Joshua J. E. Smith, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 25 day of February 2015.

_____
JOSHUA J. E. SMITH

State of Washington
County of Grays Harbor

Signed or attested before me on Feb. 25, 2014 by Joshua J.E. Smith

_____
Signature

**DONALD A. ROSS JR.**
**NOTARY PUBLIC**
**STATE OF WASHINGTON**
My Commission Expires Mar. 09, 2016

Notary Public
Title

My appointment expires 3-9-2016

VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED MARITIME LIENS - 10

HAROLD A. THOREEN, P.S., INC.
FISHERMEN'S TERMINAL · NORDBY BUILDING
1715 WEST NICKERSON STREET
SEATTLE, WASHINGTON 98119-1633
TELEPHONE (206) 285-9393 · FAX (206) 285-9395
HTHOREEN@HATLAW.NET
WSBA #6378